IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3082 |
| | ) | |
| v. | ) | |
| | ) | |
| BARBRA RAMSEY, WENDAL | ) | **MEMORANDUM** |
| ROSCOE, CORRINE MCCOY, | ) | **AND ORDER** |
| BILL GIBSON, MARY SULLIVAN, | ) | |
| and CHRISTINE PETERSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.)

The term "prisoner" under the PLRA "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (citing 28 U.S.C. § 1915(h)). A person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA. *Id.*; *see also Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007); *Willis v. Smith*, No. C04-4012-MWB, 2005 WL 550528, at *9 (N.D. Iowa February 28, 2005).

The record indicates Plaintiff is residing at the Lincoln Regional Center as a patient and not as a result of a criminal conviction. Therefore, because Plaintiff qualifies financially, Plaintiff's Motion for Leave to Proceed IFP is granted, and Plaintiff is relieved from the payment of the filing fee in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (filing no. 2) is provisionally granted. Plaintiff shall not be required to pay the filing fee in this matter.

2. The Clerk of the court is directed to send a copy of this memorandum and order to the appropriate officials at the Lincoln Regional Center.

May 19, 2008.              BY THE COURT:

                           s/ *Richard G. Kopf*
                           United States District Judge