IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3082 |
| | ) | |
| v. | ) | |
| | ) | |
| BARBRA RAMSEY, WENDAL | ) | **MEMORANDUM** |
| ROSCOE, CORRINE MCCOY, | ) | **AND ORDER** |
| BILL GIBSON, MARY SULLIVAN, | ) | |
| and CHRISTINE PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("Injunction"). (Filing No. 6.) In support of his Motion, Plaintiff filed a Brief and Declaration. (Filing No. 7 & Filing No. 8.)

Plaintiff seeks a TRO and Injunction ordering Defendants Peterson and Gibson to "halt all 'behavior modification treatment' being forced upon the plaintiff." (Filing No. 6 at CM/ECF p. 1.) Plaintiff further asks that Defendants "halt all program policies and practices that are applied and forced upon the plaintiff that effectively are designed to punish plaintiff for the exercise of constitutional and legal rights." (*Id.*)  In Plaintiff's Complaint, Plaintiff alleges that Defendants are using a behavior modification treatment program on Plaintiff in an effort to punish him and deny him his constitutional rights, "[s]pecifically those that consist of the 'Right to refuse unwarranted or improper treatment'." (Filing No. 1 at CM/ECF p. 6.)  Plaintiff further claims that Defendants have denied him due process of law by imposing this form of treatment upon Plaintiff without a proper hearing. (*Id.* at CM/ECF p. 7-8.)

The factors to be weighed in deciding whether to grant or deny preliminary injunctive relief are:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

Liberally construing Plaintiff's Complaint, he is alleging federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to the Constitution. However, based on the record currently before the court, it appears that Plaintiff is a patient housed in the Lincoln Regional Center, and "because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). Nevertheless, under either Eighth Amendment or Fourteenth Amendment standards, at this stage in the proceedings, Plaintiff has not established that he is likely to succeed on the merits.

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the "minimal civilized measure of life's necessities."

2

*Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). The defendant's conduct must also reflect a subjective state of mind, evincing deliberate indifference to the health or safety of the prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1977). To establish deliberate indifference, the plaintiff must show the defendant was substantially aware of, but disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Furthermore, the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*). Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted). Substantive due process rights are implicated when a state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (citations and quotations omitted).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. At this stage of the proceedings, Plaintiff's claims are so general that he has not established that the behavioral modification treatment he is complaining of is causing him irreparable harm or injury. Furthermore, because Plaintiff's claims are so general, the court cannot conclude that Plaintiff will likely succeed on the merits. Indeed, other than the general allegation that Plaintiff has been denied the right to refuse treatment, Plaintiff has failed to set forth any evidence to establish that the behavioral modification treatment deprived him of the minimal civilized measure of life's necessities or violated Plaintiff's substantive or procedural due process rights.

3

Plaintiff has also failed to establish what public interest would be served by granting his Motion. Therefore, after considering all of the *Dataphase* factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

     IT IS THEREFORE ORDERED that: Plaintiff's Motion for TRO and Injunction (filing no. 6) is denied.

June 18, 2008.                   BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge