IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:08CV3082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BARBRA RAMSEY, WENDAL | ) | |
| ROSCOE, CORRINE MCCOY, | ) | |
| BILL GIBSON, MARY SULLIVAN, | ) | |
| and CHRISTINE PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Corrine McCoy and Christine Peterson's Motion to Dismiss. (Filing No. 34.) Also pending before the court are Plaintiff's Motion to Amend or Vacate Order (filing no. 38), Motion to Dismiss in Part (filing no. 45), Motion to Voluntarily Withdraw Document (filing no. 47), Motion for Partial Summary Judgment (filing no. 48), Motion to Strike Affidavits (filing no. 59) and Motion to Seal Brief (filing no. 61). For the following reasons, Plaintiff's Motion to Voluntary Dismiss in Part, Motion to Withdraw Document, and Motion to Seal are granted, and all other pending Motions are denied.

## I.   BACKGROUND

Plaintiff John Maxwell Montin filed his Complaint in this matter on April 21, 2008. (Filing No. 1.) The court conducted an initial review of the Complaint and permitted Plaintiff's Fourteenth Amendment claims for both monetary and injunctive relief to proceed. (Filing No. 12.) The court issued summonses and Plaintiff completed service of process on each of the Defendants with the exception of Defendants Roscoe and Ramsey. (Filing Nos. 14, 15, 16, 17, 18 and 22.)

After being served, Defendants McCoy, Gibson, Sullivan, and Peterson sought, and were granted, leave to file an answer out of time. (Filing Nos. 31 and 36.) On February 5, 2009, Defendants McCoy and Peterson filed a Motion to Dismiss (filing no. 34) and Defendants Gibson and Sullivan filed an Answer (filing no. 33). Thereafter, Plaintiff filed a Motion to Amend or Vacate the court's Order granting Defendants McCoy, Gibson, Sullivan and Peterson leave to file an answer out of time. (Filing No. 38.) He then filed a Motion to Dismiss in Part (filing no. 45) and a Motion to Withdraw his previous Motion to Amend or Vacate (filing no. 47).

On May 26, 2009, Plaintiff filed a Motion for Partial Summary Judgment (filing no. 48) along with a Brief in Support (filing no. 26), Index of Evidence (filing no. 50), and a Statement of Undisputed Material Facts (filing no. 52). Defendants Gibson and Peterson filed a Brief in Opposition (filing no. 55) to Plaintiff's Motion along with an Index of Evidence (filing no. 56) and an Affidavit (filing no. 57). Since then, Plaintiff has filed a Motion to Strike Affidavits (filing no. 59) and a Motion to Seal Brief (filing no. 61).

## II.   PENDING MOTIONS

### A.   Plaintiff's Miscellaneous Motions

On May 11, 2009, Plaintiff filed a Motion to Voluntary Dismiss in Part, in which Plaintiff seeks to dismiss three parties from this matter, Defendants Christine Peterson, Corrine McCoy, and Wendel Roscoe. (Filing No. 45.) Defendants have not opposed this Motion, and the time in which to do so has passed. The court therefore grants the Motion to Voluntarily Dismiss. The Clerk of the court is directed to terminate them as Defendants in this matter. In light of the voluntarily dismissal, Defendants McCoy and Peterson's Motion to Dismiss (filing no. 34) is denied as moot.

2

Also pending is Plaintiff's Motion to Withdraw Document. (Filing No. 47.) In his Motion, Plaintiff seeks to withdraw his previously-filed Motion to Amend or Vacate Order (filing no. 38), which requested that the court reverse its decision to grant Defendants additional time to answer. For good cause shown, and because Defendants do not object, the Motion to Withdraw Document is granted and the Motion to Amend or Vacate Order is denied as moot.

## B.    Motions Related to Partial Summary Judgment

On May 26, 2009, Plaintiff filed a Motion for Partial Summary Judgment. (Filing No. 48.) Defendants filed a Brief in Opposition to that Motion. (Filing No. 55.) The court has carefully reviewed the record in this case and finds that the Motion for Partial Summary Judgment is premature. The pleadings relating to the Motion for Partial Summary Judgment simply restate the allegations of the Complaint and Answer. In light of this, the court will deny the Motion for Partial Summary Judgment without prejudice to reassertion in accordance with a progression order. In light of the ruling on the Motion for Partial Summary Judgment, Plaintiff's Motion to Strike Affidavits (filing no. 59) is also denied.

Also pending is Plaintiff's Motion to Seal, in which he seeks to file his Reply Brief and Evidence under seal. (Filing No. 61.) Plaintiff requests that the court permit him to file these documents under seal because they contain "confidential Medical Information." (*Id.*) The court has reviewed all of the documents proposed to be filed under seal and finds that nearly all of the information consists of Plaintiff's medical and treatment records. In accordance with Federal Rule of Civil Procedure 5.2 and NeCivR 5.0.3 and 7.5, the court will grant the Motion to Seal. Plaintiff must comply with the service requirements to ensure that Defendants have received copies of these two sealed documents.

3

## C.    Claims Against Defendant Ramsey

The court notes that the only remaining Defendants are Barbra Ramsey, Bill Gibson, and Mary Sullivan.  Defendants Gibson and Sullivan filed an Answer on February 5, 2009.  (Filing No. 33.)  However, Defendant Ramsey has never been properly served with summons and a copy of the Complaint. (Filing No. 22.) Indeed, Plaintiff's first attempt at service on Defendant Ramsey resulted in the summons being returned as "unexecuted."  (*Id.*)  Plaintiff requested an additional summons form and additional time to serve Defendant Ramsey, which the court granted. (Filing No. 24.)  However, Plaintiff never returned the second summons form for Defendant Ramsey and never attempted service a second time.  (*See* Docket Sheet.) As the court warned Plaintiff when it granted him additional time to serve Defendant Ramsey, "failure to obtain service of process on" Defendant Ramsey "by March 18, 2009 will result in dismissal of this matter without further notice."  (Filing No. 24.) Plaintiff did not serve Defendant Ramsey by March 18, 2009, and all claims against her are dismissed without prejudice.[1]

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion to Voluntary Dismiss in Part (filing no. 45) is granted. The Clerk of the court is directed to terminate Christine Peterson, Corrine McCoy, and Wendel Roscoe as Defendants in this matter.

2.    Defendants Peterson and McCoy's Motion to Dismiss (filing no. 34) is denied as moot.

3.    Plaintiff's Motion to Withdraw Document (filing no. 47) is granted.

---

[1]To be clear, as a result of this Memorandum and Order, only two Defendants remain, Bill Gibson and Mary Sullivan.

4

Plaintiff's Motion to Amend or Vacate Order (filing no. 38) is denied as moot.

4.      Plaintiff's Motion for Partial Summary Judgment (filing no. 48) is denied without prejudice to reassertion in accordance with a progression order.  Plaintiff's Motion to Strike Affidavits (filing no. 59) is denied as moot.

5.      Plaintiff's Motion to Seal (filing no. 61) is granted.

6.      All claims against Defendant Barbra Ramsey are dismissed without prejudice.  The Clerk of the court is directed to terminate Barbra Ramsey as a Defendant in this matter.

7.      A separate progression order will be entered progressing this matter to final disposition.

July 16, 2008.                          BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.