IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:08CV3082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BILL GIBSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants' Bill Gibson and Mary Sullivan's Motion for Summary Judgment. (Filing No. 67.) As set forth below, Defendants' Motion is granted and this matter is dismissed.

### *BACKGROUND*

Plaintiff filed his Complaint in this matter on April 21, 2008. (Filing No. 1.) Liberally construed, Plaintiff's Complaint alleges that, while he was a patient at the Lincoln Regional Center, Defendants permanently implemented a "Behavior Modification Treatment Program" in 1997 and 1998, which violates the Fourteenth Amendment to the U.S. Constitution. (*Id.*) This program allegedly prevented Plaintiff from refusing treatment and unlawfully punished him. (*Id.*)

On July 16, 2009, the court dismissed all Defendants except Bill Gibson ("Gibson") and Mary Sullivan ("Sullivan"). (Filing No. 65.) Gibson and Sullivan filed their Motion for Summary Judgment on October 21, 2009. (Filing No. 67.) Along with their Motion, these two Defendants also filed an Index of Evidence (filing no. 69) and a Brief in Support (filing no. 68). Gibson and Sullivan argue that Plaintiff's claims are barred by the relevant statute of limitations and must be dismissed. (Filing No. 68.) Plaintiff filed a Brief in Opposition to the Motion.

(Filing No. 78.) However, Plaintiff did not submit any evidence in response to Defendants' Motion.

Separately, Plaintiff filed a Motion for Leave to File Amended Complaint. (Filing No. 75.) Summarized, Plaintiff's Motion seeks leave to file an amended complaint, which, as best as the court can tell is an attempt to circumvent the statute of limitations issue raised by Defendants. Thus, the basic question presented to the court by the parties is whether Plaintiff's claims are barred by the applicable statute of limitations.

## *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

### I. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is

2

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## II.     Statute of Limitations

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. (Filing No. 81.) "The applicable state law statute of limitations governs § 1983 claims." *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir.2007) (affirming dismissal). In Nebraska, there is a four-year statute of limitations that applies to suits brought pursuant to 42 U.S.C. § 1983. *See Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-913 (D. Neb. 2004) (affirming dismissal of section 1983 claim that alleged, among other things, an improper arrest because the four-year statute of limitations found in Neb. Rev. Stat. § 25-207 had run) (quoting *Bauers v. City of Lincoln*, 514 N.W.2d 625, 634 (Neb. 1994) which relied upon *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir.1988)).

Summarized, Plaintiff alleges in his complaint that several Defendants (who have now been dismissed from this action) permanently implemented a "Point Based, Behavior Modification Treatment Program" (the "Program") in 1997 and 1998. (Filing No. 1 at CM/ECF p. 6.) Plaintiff alleges that the Program unconstitutionally punishes him for exercising certain rights, including the right to refuse medical treatment. (*Id.* at CM/ECF pp. 6-7.) When Defendants Gibson and Sullivan took over management of the facility, they continued the Program. (*Id.* at CM/ECF p. 7.)

The last date mentioned in Plaintiff's Complaint is 1998. (*Id.*) Applying the four-year statute of limitations, Plaintiff must have brought his claims relating to the implementation of the Program no later than 2002. Plaintiff filed his Complaint on

April 21, 2008, four years after the statute of limitations expired.[1] (*Id.*) Plaintiff argues that he should be allowed to challenge the continuation of the Program by Gibson and Sullivan at some point after 2005, when Gibson took over the management of the Lincoln Regional Center. (Filing No. 78.) Indeed, after the close of discovery and the filing of dispositive motions, Plaintiff sought leave to amend his Complaint in order to remove references to the implementation of the Program in 1997 and 1998, and to refer only to the continuation of the Program by Gibson and Sullivan. (Filing No. 75.)

Stated another way, Plaintiff believes that his constitutional rights were continuously violated after implementation of the Program in 1998, including under the management of Gibson and Sullivan, and therefore his claims are timely. (Filing No. 78.) However, as this court has previously determined, the "continuing violation doctrine" does not toll the statute of limitations in circumstances such as these. *Poor Bear*, 300 F. Supp. 2d at 913 (finding the "continuing violation doctrine" used in employment disputes inapplicable to 1983 actions). Defendants argue that Plaintiff's claims against Gibson and Sullivan necessarily depend on challenging the constitutionality of, and the court invalidating, the Program as it was implemented in 1998, more than 10 years ago. The court agrees. The statute of limitations on such a challenge expired long ago. The clock did not re-start because of a facility management change or because Plaintiff continued to be subject to the Program. Further, Plaintiff cannot simply pretend that the Program was implemented in 2005 by removing the references to 1998 from his claims. Plaintiff has offered no other argument which would toll the statute of limitations and his claims are therefore dismissed.

---

[1]Plaintiff does not specify the exact date in 1998 on which Defendants permanently implemented the Program. Even assuming Defendants took this action on December 31, 1998, Plaintiff's claims are still untimely.

IT IS THEREFORE ORDERED that:

1. Defendants Bill Gibson and Mary Sullivan's Motion for Summary Judgment (filing no. 67) is granted. All claims against Gibson and Sullivan are dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending motions are denied.

December 14, 2009.          BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.